FIRST AND PEOPLES BANK, a Corporation OF RUSSELL, Kentucky, Appellant,

v.

Doris Ann FIELDER, Executrix of the Estate of Leonard C. Fielder, Deceased, Appellee.

Court of Appeals of Kentucky.

May 1, 1959.

L. D. Bruce, Russell, for appellant.

J. G. M. Robinson, Ashland, for appellee.

CULLEN, Commissioner.

Leonard C. Fielder, who was a practicing attorney and had other business interests, entered into a partnership with Harry King Lowman to construct and operate a house trailer camp. Fielder died, and it developed that both his personal estate and the partnership estate were insufficient to

meet the claims of their respective creditors. His executrix brought an action to settle his estate, joining all interested parties, including the First and Peoples Bank of Russell, Kentucky, which had asserted a claim against Fielder's estate for a balance of around $3,400 due on a note which bore the signatures of Fielder and Lowman. The circuit court entered judgment holding that the note was for a partnership debt and that under the doctrine of marshalling of assets the individual creditors of Fielder were entitled to be paid first, before any payment could be made out of his estate on the partnership debts. Since Fielder's individual debts equaled or exceeded the amount of his individual estate, the result of the judgment would be that the bank was relegated for the collection of its claim to the partnership estate, which was insolvent.

The bank has appealed, maintaining that the note was not a partnership obligation, but was Fielder's personal note, on which Lowman was surety. The bank also asserts that the marshalling of assets doctrine should not have been applied.

The original note to the bank was in the amount of $6,000. The note read "I, we, or either of us promise to pay * * *" and bore Fielder's individual signature, with Lowman's individual signature below it. During Fielder's lifetime a payment of $600 was made on the principal of the note, by a check drawn by Fielder on his personal bank account. After Fielder's death, the bank filed suit against Lowman on the note, and settled with him for approximately $2,200. It appears that this settlement was made on the basis that Lowman's interest in the partnership was a 37 percent interest, and therefore he owed 37 percent of the debt. The claim asserted by the bank against Fielder's estate was for the balance remaining due on the note after crediting the amount above mentioned.

The bank maintains that the court erred in finding that the note was a partnership obligation, because, first, the evidence showed that the bank carried the note on its liability ledger records as an individual obligation of Fielder, with Lowman as surety, and second, because the only payment made on the note during Fielder's lifetime was by Fielder's personal check. However, in support of the court's finding, we have, first, evidence that the proceeds of the note were credited by the bank to the partnership bank account; second, testimony of Lowman that all parties to the transaction understood it was a partnership loan; and third, the fact that the bank settled with Lowman on the basis of his share in the partnership.

We think the question is one of fact, namely, to whom did the bank intend to extend credit, and we are of the opinion that under the evidence the circuit court was warranted in finding that the bank intended to extend credit to the partnership and considered the loan to be one to the partnership. Authority for this view is found in the following statement from 40 Am.Jur., Partnership, sec. 152, p. 238:

"To render the partnership liable in case of an ordinary written contract, it is not essential that the name of the firm or partnership be mentioned in the writing. The fact that a contract signed by one partner was a partnership matter may be established by the testimony of the signers. Thus, it may be shown that an obligation under seal executed by all the members of a firm, in and for its business, and for its benefit, binds the firm, although the firm name is not mentioned, and although it appears on its face to be simply the obligation of the partners contracted in their individual names."

We conclude that the circuit court correctly held the note to be a partnership debt.

The doctrine of marshalling of assets, in situations such as here presented, is established both by statute and by court decisions. KRS 362.325(4), which is part of the Uniform Partnership Act, provides that the liability of the individual property

·of a deceased partner, for obligations of the partnership, is subject to the prior payment of his separate debts. KRS 362.345 prescribes the same rule, of preference of individual creditors over partnership creditors, as against the individual property of a partner, in the case of a court distribution of assets or of insolvency of a partner. The doctrine is also firmly established as one of equity, independent of statute. See 40 Am.Jur., Partnership, secs. 399, 400, 401, 413, 426, pp. 402, 403, 404, 413, 414, 426. The fact that the partnership assets are not sufficient to pay the partnership creditors is not a ground for permitting partnership creditors to share equally with the individual creditors of a deceased partner in payment out of his estate, if the partnership has any assets at all applicable to partnership debts. 40 Am.Jur., Partnership, sec. 401, p. 404.

The doctrine of marshalling of assets clearly is applicable to the situation here presented, and it is our opinion that the circuit court correctly applied it.

The judgment is affirmed.